IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BERENIDA ROSADO-GONZALEZ, et al,<br><br>Plaintiffs,<br><br>       v.<br><br>ALEJANDRO OTERO LOPEZ HOSPITAL, et al,<br><br>Defendants. | CIVIL NO. 09-2117 (JAG/CVR) |

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

Plaintiffs Berenida Rosado-González, Juan A. Valderrama-Rivera and Heiddy Ruby Vélez-Rosado (hereafter "plaintiffs") filed a complaint against defendant Alejandro Otero López Hospital (hereafter "the Hospital") and co-defendant Vega Baja Community Health Medical Facilities for alleged violation under the Emergency Medical Treatment and Active Labor Act (hereafter "EMTALA"), as well as medical malpractice under supplemental state law. Title 42, United States Code Annotated, Section 1395(dd).

Above co-defendant Alejandro Otero López Hospital filed a Motion Requesting Summary Judgment for there being no genuine issues of material fact that would preclude judgment as a matter of law in favor of said defendant regarding plaintiffs' EMTALA claim. (Docket No. 23). Plaintiffs filed their Response in Opposition for Summary Judgment claiming the complaint raises both a federal EMTALA and state malpractice claim under Articles 1802 and 1803 of the Civil Code of Puerto Rico. (Docket No. 32). The Court

referred the pending dispositive motion to this Magistrate Judge for report and recommendation.  (Docket Nos. 33 and 35).

### STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir.  1997).  A fact is deemed "material" if it potentially could affect the outcome of the suit.  *Id*.  Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id*.

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).  There is "no room for credibility determinations, no room for

the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

In summary judgment a court may consider any material that would be admissible or usable at trial, including properly authenticated and admissible documents or exhibits. 10 A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Fed. Prac. & Proc. Civ.* §2722 at 382 (3d ed. 1998).

## UNCONTESTED ISSUES OF FACT

Defendant Hospital submits the complaint stems solely from the claim that, upon suffering from abdominal pain the patient, plaintiff Berenida Rosado-González, went to the emergency room of the Vega Baja Community Health and was referred to the emergency room of defendant Alejandro Otero López Hospital. (Docket No. 1, Complaint ¶11). It then follows as grounds for the claim against defendant Hospital that: "The treatment received by the plaintiff Berenida Rosado-González was given by the physicians and nurses on the facilities of the codefendants Alejandro Otero López Hospital and Vega Baja Community Health. The codefendants are included as defendants in sight that medical treatment was not the adequate one. The treatment did not proceed the standards of the correct practice of medicine and was realized wrongly and incorrectly, the proper equipment was not used

in this situation. This is contrary to the Federal Law, Emergency Medical Treatment and Active Labor Act (EMTALA). It is also against the laws of the Commonwealth of Puerto Rico." (Complaint ¶13).

In filing the motion for summary judgment co-defendant Hospital submits the Court lacks original jurisdiction in the instant case for the allegation in the complaint and the undisputed facts show the action claimed by plaintiffs is but a typical malpractice claim which falls outside EMTALA provisions. All reference in the complaint deals with lack to provide necessary and required medical treatment to the patient, which at most, is but a state malpractice claim not a federal claim.

Plaintiffs aver in their opposition there are material controversies of fact in that EMTALA requires a hospital or emergency department to provide appropriate medical screening. Upon suffering from abdominal pain on October 31, 2008, the patient arrived to the Vega Baja Community Health and then at approximately 3:50 a.m. of November 1, 2008, the patient arrived to the Alejandro López Otero Hospital where she was first evaluated at 5:00 a.m. The resident doctor therein evaluated the patient around 12:50 a.m. and she was taken to the operating room that day at 1:00 p.m. The delay in treatment offered to the patient caused her suffering for which developed into a perforated appendix.

Defendant Hospital's statement of undisputed facts agrees the Hospital is regulated by the provisions of EMTALA. The patient Rosado-González arrived upon referral from the Vega Baja Community Health with a history of diverticulitis and fibrocystic disease on October 31, 2008, at 3:37 a.m. (Deft's Uncontested ¶¶1, 2). Her vital signs were taken and

she complained of abdominal pain of one (1) day evolution. Dr. Porfirio Franqui performed a physical examination and placed orders for laboratory tests around 5:00 a.m., CT Scan with contrast. Laboratory tests were taken around 5:37 a.m. and an abdominal pelvic sonogram around 10:00 a.m., when the patient was diagnosed with appendicitis. At 6:00 a.m. Dr. Franqui re-evaluated the patient ordering abdominal pelvic CT Scan with contracts, administration of Demerol, Phenergan and Cipro. At 12:50 a.m. the patient was evaluated by Dr. Ariel Bermúdez, surgeon, who ordered she be taken to the operating room for appendicitis. Laboratory tests were ordered, as well as EKG and chest X-ray and treatment conducted. Dr. Astrid González took the history and physical evaluation while a consultation was placed from an Internal Medicine Specialist (Dr. Martínez). (*Id.* ¶¶3-8).

Plaintiffs deny above undisputed statement at ¶5 as not being established by the medical record the time laboratory tests were taken. (Docket No. 32, Plaintiffs' Undisputed ¶5). The remaining issues of fact were admitted, at least in part, without significant opposition except for some time to be considered missing as alleged, as well as copy of the informed consent documents. (*Id.*, ¶¶6-8, 12).

Defendant Hospital submits that by 2:20 a.m. Dr. Astrid González took the medical history and performed the physical examination providing a diagnosis of acute appendicitis and fibrocystic disease, recorded the treatment plan to admit to the medicine ward, administer IV antibiotic treatment and pain management. Internal Medicine Specialist Dr. María Martínez evaluated the patient and answered the consultation request at 7:00 a.m., providing a diagnosis of acute appendicitis and recommending to take the patient to the

Berenida Rosado-González, et al.  v. Alejandro Otero López Hospital, et al
Civil No. 09-2117 (JAG/CVR)
Report and Recommendation
Page No. 6

operating room as soon as possible. At 8:50 a.m. radiologist Dr. Antonio L. Díaz signed the CT Scan Final report with finding of acute appendicitis. (Deft's Undisputed ¶¶9-11).

At 9:00 a.m. the patient signed the informed consent documents to undergo appendectomy to be performed by Dr. Bermúdez under general anesthesia and receive a blood transfusion, if necessary. (*Id*. ¶10). Anesthesia was administered by Dr. Felipe at 10:50 a.m. and Dr. Bermúdez commenced surgery around 11:20 a.m., which ended at 1:15 p.m. The pre-operative diagnosis was acute appendicitis and the post-operative diagnosis was perforated appendicitis. (*Id*. ¶13).

In summary, after the surgical intervention the patient continued treatment with I.V. antibiotic while she continued being evaluated in her recovery. By November 5, 2008, she had refused to take medication Zosyn because it made her feel stiff and caused her thighs to turn red. To complete antibiotic treatment, she was ordered Cipro on November 8, 2008, and was convinced by the attending physician not to quit treatment and get home. She remained in the hospital up until November 11, 2008, around 2:30 p.m. when she was discharged by Dr. Colón upon consultation with Dr. Bermúdez. (Deft's Undisputed ¶¶14-29).

Plaintiffs submitted additional statement of uncontested facts addressing for the most part the delay in evaluations which by the time the patient was taken to the operating room had suffered from abdominal pain of approximately 47.5 hours of evolution. There is some lack of specific hours in the medical record as to when the resident doctor was notified and when Dr. Bermúdez was consulted. (Plaintiffs' Undisputed ¶¶30-37).

Succinctly, the unnecessary delay for an appendicitis patient is submitted as the end result of having to intervene with a perforated appendix, with its complications and risks.  (*Id*. ¶39-47).[1]

## LEGAL DISCUSSION

Defendant Hospital's request for summary disposition for failure to state a claim upon which a relief may be granted submits plaintiffs' alleged EMTALA claim is but a medical malpractice suit that does not entail federal jurisdiction.

EMTALA provides that any person visiting a covered hospital's emergency room[2] be screened for an emergency medical condition and be stabilized if such a condition exists. To identify such condition, hospitals are expected to employ "ancillary services routinely available to the emergency department". Title 42, United States Code, Section 1395dd(a). A hospital fulfills its statutory duty to screen patients if it provides for a screening examination reasonably calculated to identify critical medical condition and provides that level of screening uniformly to all those who present substantially similar complaints. *See* Del Carmen Guadalupe v. Negron Agosto, 299 F.3d 15 (1st Cir. 2002).

EMTALA does not create a cause of action for medical malpractice and even faulty screening does not contravene the statute. *See* Correa v. Hospital San Francisco, 69 F.3d 1184, 1192 (1st Cir. 1995)(EMTALA examination is one reasonably calculated to identify

---

[1] Remaining undisputed facts after the surgical intervention are not considered relevant to the EMTALA claim and need not be herein discussed.

[2] A covered hospital is a hospital that has entered into a provider agreement under section 1395cc of Title 42. Congress has conditioned those hospitals' continued participation in the federal Medicare program on acceptance of the duties imposed by EMTALA. The parties herein do not dispute co-defendant Alejandro Lopez Otero Hospital is covered.

Berenida Rosado-González, et al.  v. Alejandro Otero López Hospital, et al
Civil No. 09-2117 (JAG/CVR)
Report and Recommendation
Page No. 8

critical medical conditions that may be afflicting symptomatic patients and provide that level of screening uniformly to all those who present substantially similar condition).  An appropriate screening is properly determined not by reference to particular outcome but instead by reference to a hospital's standard screening procedures and it is for a plaintiff to show that, in screening him/her the hospital failed to follow the screening policy or standard of care which it regularly follows for other patients presenting substantially similar conditions.  Malave Sastre v. Hospital Doctor's Center, Inc., 93 F.Supp.2d 105 (D. Puerto Rico 2000).  EMTALA provides for protection against differential treatment not negligence.  Correa v. Hospital San Francisco, 69 F.3d at 1189.

Congress did not intend EMTALA to supplant existing state-law medical malpractice liability with a federal malpractice standard of care; the minimal screening and stabilization requirements were designed solely to prevent the specific injury of patient "dumping" which state malpractice law often could not redress. *See*  Reynolds v. MaineGeneral Health, 218 F.3d 78, 83-84 (1st Cir. 2000).

A perusal of the above undisputed factual events regarding the screening and medical examinations to the patient upon arrival to the Alejandro López Otero Hospital because of abdominal pain, with notes as to the history of  diverticulitis and fibrocystic disease, fails to establish any differential treatment or even faulty screening that could raise an EMTALA claim.  Furthermore, the only averment of the complaint as to said EMTALA claim refers to the alleged treatment received by the patient as not being the adequate one. "The treatment did not proceed the standards of the correct practice of medicine and was

realized wrongfully and incorrectly, the proper equipment was not used in this situation." (Complaint ¶13).  For purposes of EMTALA transgression as to any medical malpractice standard of care is immaterial, unless the transfer of a patient amounts to a screening so superficial that would amount to no screening at all.  Still, even faulty screening in a particular case, does not contravene the EMTALA statute.

There is no dispute the patient Rosado-González received screening examination for her complaints of abdominal pain upon being received at the defendant Hospital.  Neither is there any dispute the patient was admitted to observation; she was ordered and was subject to several laboratory tests, to include; CBC, BMP, KUB and U/A; abdominal and pelvic CT Scans with contrast were obtained; physical examinations and medical consultations for her condition and reviews of the results were received. Medications were provided, to include IV, Demerol, Phenergan and Nubain, and both pre and post-operative intervention given antibiotic intravenously. (Defts' Undisputed ¶¶4-13). Upon a confirmed diagnosis of appendicitis, the patient was surgically intervened with a pre-intervention finding of appendicitis and post-operation of perforated appendix. In addition to the attending physicians, the patient was evaluated by an Internal Medicine Specialist, a Radiologist, a Surgeon, and consultation with an Infectologist.

In light of the above undisputed facts, the main averment asserted from the scant complaint at ¶13 refers to a delay in taking the patient to the operating room while the screening was underway, which resulted in a perforated appendix. However, plaintiffs have

not asserted nor submitted the defendant Hospital departed from any hospital protocol. Cruz-Queipo v. Hospital Español Auxilio Mutuo de Puerto Rico, 417 F.3d 67 (1st Cir. 2005).

Even if plaintiffs' submission in their opposition to summary judgment is that EMTALA would have required defendant Hospital to some particular medical screening requirement, EMTALA does not entail a failure to perform diagnostic tests as amounting to inappropriate medical screening nor has it established a national standard of care. Melissa K. Stull, J.D., *Construction and application of Emergency Medical Treatment and Active Labor Act (42 U.S.C.A. §1395dd)*, 104 ALR Fed. 166. Furthermore, EMTALA does not require that a hospital delivers the feasible specific treatment that is best in a given circumstance. Ramos Cruz v. Centro Médico del Turabo, __ F.3d __, 2011 WL 1332168 (1st Cir. 2011).

Summary judgment is appropriate where the movant has shown there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Having found no disputed issues of material facts, it is recommended that defendant's request for summary judgment for lack of a federal cause of action under EMTALA be GRANTED.

In regard to any pendent state claim asserted by plaintiffs against defendant Hospital, upon absence of a federal claim and having no alternative basis of jurisdiction, the Court has the discretion to decline the exercise of jurisdiction as to any state-law malpractice claim. As such, it is recommended, the Court to decline such supplemental jurisdiction in the present case. Title 28, United States Code Annotated, Section 1367 (c)(3).

# **CONCLUSION**

In view of the foregoing, it is recommended that defendant Alejandro Otero López Hospital's Motion for Summary Judgment be GRANTED. (Docket No. 23).

As a result thereof, and in the absence of a federal action, the supplemental state claim of an alleged medical malpractice should be DISMISSED without prejudice.

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 2nd day of June of 2011.

s/CAMILLE L. VELEZ-RIVE  
CAMILLE L. VELEZ-RIVE  
UNITED STATES MAGISTRATE JUDGE
