IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BERENIDA ROSADO-GONZALEZ, *et al.*,

**Plaintiffs**

**v.**

ALEJANDRO OTERO LOPEZ HOSPITAL, *et al.*,

**Defendants**

Civil **No.** 09-2117 (JAG)

**OPINION AND ORDER**

Garcia-Gregory, D.J.

Before the Court are Plaintiffs' Objections to Magistrate Judge Velez-Rive's Report and Recommendation. (Docket No. 43). Plaintiffs object to the Magistrate Judge's recommendation that summary judgment be granted in favor of Defendant Alejandro Otero Lopez Hospital ("Defendant" or "Hospital").

Upon *de novo* review, the Court **ADOPTS** the Report and Recommendation in its entirety. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment.

**FACTUAL BACKGROUND**

Because no objections were filed to the Magistrate Judge's findings of fact, and because the Court considers that a more developed factual background is unnecessary for the disposition of the pending motion, the Court simply incorporates by

reference the findings made in the Magistrate Judge's Report. (Docket No. 41).

## STANDARD OF REVIEW

<u>Summary Judgment</u>

"Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law based on the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits." <u>Thompson v. Coca-Cola Co.</u>, 522 F.3d 168, 175 (1st Cir. 2008) (citing Fed. R.Civ.P. 56(c)). The issue is "genuine" if it can be resolved in favor of either party. <u>Calero-Cerezo v. U.S. Dep't of Justice</u>, 355 F.3d 6, 19 (1st Cir. 2004). A fact is "material" if it has the potential to change the outcome of the suit under governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. _See_ <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). "In prospecting for genuine issues of material fact, we resolve all conflicts and draw all reasonable inferences in the nonmovant's favor." <u>Vineberg v. Bissonnette</u>, 548 F.3d 50, 56 (1st Cir. 2008).

Although this perspective is favorable to the nonmovant, once a properly supported motion has been presented before this

Court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant this Court's denial of the motion for summary judgment. Anderson, 477 U.S. at 248. The opposing party must demonstrate "through submissions of evidentiary quality[] that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (internal citations omitted). Moreover, on issues "where [the opposing] party bears the burden of proof, it 'must present definite, competent evidence' from which a reasonable jury could find in its favor." United States v. Union Bank for Sav. & Inv. (Jordan), 487 F.3d 8, 17 (1st Cir.2007) (citing United States v. One Parcel of Real Property, 960 F.2d 200, 204 (1st Cir. 1992)). Hence, summary judgment may be appropriate, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (citing Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

Review of a Magistrate Judge's Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 503, a district court may refer dispositive motions to a United States magistrate judge for a report and recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals,

Civil No. 09-2117 (JAG)                                    4

_Inc._, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely
affected party may "contest the [m]agistrate [j]udge's report
and recommendation by filing objections 'within ten days of
being served' with a copy of the order." United States v.
Mercado Pagan, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (citing 28
U.S.C. § 636(b)(1)). If objections are timely filed, the
district judge shall "make a _de novo_ determination of those
portions of the report or specified findings or recommendation
to which [an] objection is made." Rivera-De-Leon v. Maxon Eng'g
Servs., 283 F. Supp. 2d 550, 555 (D.P.R. 2003). A district court
can "accept, reject, or modify, in whole or in part, the
findings or recommendations made by the magistrate." Alamo
Rodriguez, 286 F. Supp. 2d at 146 (citing Templeman v. Chris
Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). However, if the
affected party fails to timely file objections, the district
court can assume that they have agreed to the magistrate judge's
recommendation. Id.


                         **DISCUSSION**

    Fed. R. Civ. P. 72(b) provides that a party may file
specific, written objections to the proposed findings and
recommendations of a Magistrate Judge. In the same vein, Local
Rule 72(d) requires that these objections "specifically identify

the portion of the proposed [...] recommendation or report to which an objection is made and the legal basis for such objection." Nevertheless, these objections should not "be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." Betancourt v. Ace Ins. Co. of Puerto Rico, 313 F.Supp.2d 32, 34 (D.P.R. 2004).

The Court notes that Plaintiffs' objection to the Report is, quite literally, a carbon copy of the motion presented as their opposition to Defendant's motion for summary judgment. (*Cf.* Dockets 32 and 43). Further, Plaintiffs do not point to any specific fault in the Magistrate Judge's factual findings or legal reasoning. This Court has dealt with such a situation before. *See* Betancourt v. Ace Ins. Co., 313 F.Supp.2d at 34; *see also* Castro-Rivera v. Citibank, 195 F.Supp.2d 363, 365 (D.P.R. 2002) (Plaintiffs cannot expect the Court to treat their filing seriously when they merely re-hash arguments already presented to the magistrate judge). Like in Betancourt, Plaintiffs here have failed to provide "*specific, direct objections* to the findings made by the Magistrate Judge." *Id.* Instead, they chose to duplicate the same arguments already disposed of in the Report and Recommendation. *Id.* Thus, the Court finds that Plaintiffs' objections fail to meet the procedural requirements of Fed. R. Civ. P. 72(b and Local Rule 72(d). *Id.* As a

consequence, the Court may "review de novo the Report and Recommendation without the benefit of any new arguments of substance embodied in plaintiffs' objections." <u>Castro-Rivera</u>, 195 F.Supp.2d at 365.

Even assuming *arguendo* that Plaintiffs had filed a proper objection to the Report, the outcome would not change. In the Report, the Magistrate Judge found that Plaintiffs had failed to put forth evidence to support their claim under the Emergency Medical Treatment and Active Labor Act ("EMTALA").[1] Thus, the Magistrate Judge concluded that there were no genuine issues of material fact precluding judgment as a matter of law in favor of Defendants. Plaintiffs contend just the opposite, averring that their "action does not fall outside the scope of EMTALA." (Docket No. 43, p. 3). In so stating, Plaintiffs rely on 42 U.S.C.A. § 1395dd(h), which provides that:

> "[a] participating hospital may not delay provision of an appropriate medical screening examination required under subsection (a) of this section or further medical examination and treatment required under subsection (b) of this section in order to inquire about the individual's method of payment or insurance status."

The record shows that Mrs. Rosado-Gonzalez arrived at the Hospital at about 3:50 a.m., but was not evaluated until

---

[1] Accordingly, the Magistrate-Judge also recommended that the Court decline to exercise supplemental jurisdiction over plaintiff's state-law claims. (Docket No. 41, p.10).

approximately 5 a.m. (Docket No. 41, p.4). That same day, she was taken to the emergency room at about one in the afternoon. *Id.* According to Plaintiffs, the "delay in *treatment* offered to plaintiff caused serious risks due to the intervention for a perforated appendix." (Docket No. 43, ¶ 9) (Our emphasis). This argument misses the mark. EMTALA's provision, as cited by Plaintiffs, refers to delays in the medical *screening* examination, not delays in *treatment*. In this regard, the Magistrate Judge correctly found that Mrs. Rosado-Gonzalez received a screening consistent with what is required by EMTALA. (Docket No. 41, p.9-10).

Second, not just any delay in the provision of the screening renders a hospital liable under EMTALA. This delay must stem from an inquiry "about the individual's method of payment or insurance status." 42 U.S.C.A. § 1395dd(h). There is not an inkling of evidence on the record supporting the conclusion that the initial delay in screening Mrs. Rosado-Gonzalez was due to the Hospital's inquiry into the patient's method of payment or insurance status. (*See* Docket No. 41, p.9). Plaintiffs also neglected to make any mention of this in the complaint, the opposition to Defendant's motion for summary judgment, or in their objections to the Report.

**Civil No.** 09-2117 (JAG)                                                    8

Finally, we find that Plaintiffs' objection does nothing to undermine the rest of the Magistrate Judge's analysis. After a thorough review, we cannot find any clear error of fact or law in the Magistrate Judge's Report and Recommendation. Accordingly, we **ADOPT** it in its entirety.

### CONCLUSION

Defendant Alejandro Otero Lopez Hospital's Motion for Summary Judgment is hereby **GRANTED**. Plaintiffs' federal cause of action under EMTALA is dismissed **with prejudice.** The Court also declines to exercise supplemental jurisdiction over the remaining state-law claims and thus dismisses them **without prejudice**. Judgment shall be entered accordingly.[2]


IT IS SO ORDERED.

In San Juan, Puerto Rico this 14th day of November, 2011.


                                        S/Jay A. García-Gregory
                                         JAY A. GARCIA-GREGORY
                                      United States District Judge

---

[2] Because we find ourselves without jurisdiction to attend to Plaintiffs' claims, our decision also favors co-defendant Vega-Baja Community Health despite the fact that it has not moved to join their fellow co-defendant's Motion for Summary Judgment. As such, Judgment shall be entered in favor of all defendants in this case.